**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LARRY EDER, et al.,

    Plaintiffs,

v.

L. RYAN BRODDRICK, et al.,

    Defendants.
_____/

No. C 06-06008 JSW

**ORDER (1) ISSUING TENTATIVE RULING RE YOUNGER DOCTRINE AND (2) CONTINUING HEARING ON PRELIMINARY INJUNCTION**

    Now before the Court is Plaintiffs' motion for preliminary injunction and Defendants' request to dismiss this action pursuant to the *Younger* doctrine, currently set to be heard on December 1, 2006. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000); *Middlesex County Ethics Committee v. Garden*, 457 U.S. 423, 431 (1982). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted).

    To give the parties guidance, the Court HEREBY ISSUES the following **TENTATIVE RULING**: the request to dismiss this action pursuant to the *Younger* doctrine is **TENTATIVELY DENIED**, based on the potentially inadequate opportunity to raise federal questions in the state proceedings. Under the *Younger* doctrine, Plaintiffs "need be accorded

only an opportunity to fairly pursue [their] constitutional claims in the ongoing state proceedings." *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2002) (emphasis deleted) (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977). Here, it appears that Plaintiffs may be precluded from raising their constitutional claims *before* their fishing licenses are revoked.

Article III, § 3.5 of the California Constitution prohibits the California Fish and Game Commission ("Commission") from considering Plaintiffs' claim that the revocation of their California Dungeness crab vessel permits pursuant to California Fish and Game Code § 8279.1 would violate their constitutional rights. *See* Cal. Const. Art. III, § 3.5.[1] The Plaintiffs' inability to raise their constitutional challenges before the Commission does not necessarily bar the application of the *Younger* doctrine because "[their] ability to raise the claims via state judicial review of the administrative proceedings suffices." *See Meredith*, 321 F.3d at 819; *see also Adibi v. California State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1009-1010 (N.D. Cal. 2005) ("For *Younger* abstention, the adequacy of the opportunity to litigate the federal claim in a state proceeding requires that such opportunity be timely – *i.e*, prior to the administrative deprivation"); *cf Kenneally v. Lungren*, 967 F.2d 329, 332-33 (9th Cir. 1992) (finding that administrative 30-day stay provided petitioner "a meaningful opportunity to present his constitutional claims for independent judicial review prior to the [administrative agency's] decision becoming effective"). However, Plaintiffs must be given an opportunity to present their constitutional claims *before* their fishing licenses are revoked. *Meredith*, 321 F.3d at 819; *Adibi*, 393 F. Supp. 2d at 1009-1010.

In *Meredith*, the court found that the plaintiff "did not have a 'full and fair' opportunity to present his federal claims ... because he could not obtain a stay of enforcement" of the

---

[1] Article III, § 3.5 provides:
An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:
(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;
(b) To declare a statute unconstitutional;
(c) To declare a statute unenforceable or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations.

administrative order before he was required to take down a sign. *Meredith*, 321 F.3d at 819. An administrative law judge had issued an order on May 17, 2001, requiring the plaintiff to remove the sign from his property or pay a fine by June 16, 2001. *Id*. On May 22, 2001, the plaintiff requested a stay of the order so he could raise his federal claims in state court. Pursuant to state law, the administrative agency had thirty days to respond to the requested stay. *Id*. Therefore, the agency did not deny the requested stay until June 27, 2001, which was after the date by which the plaintiff was required to remove his sign or pay the fine. *Id*. The court held that "the thirty-day response period acted as a procedural bar to [the plaintiff's] obtaining state adjudication of the merits of his federal claims." *Id*. at 819. Under state law, the plaintiff could not seek a stay directly from the state court. The plaintiff was thus precluded from seeking judicial review of the denial of the stay until after he was already required to remove his sign. *Id*. at 819-820. Accordingly, the court concluded that the third prong of the *Younger* abstention doctrine was not satisfied. *Id*. at 820.

In *Adibi*, the plaintiffs contended that the defendants' attempt to revoke the plaintiffs' permit and license for selling pharmaceuticals violated their constitutional rights. *Adibi*, 393 F. Supp. 2d at 1002-1003. The court found that the plaintiffs did not have an adequate opportunity to litigate their constitutional claim because they may not have been able to litigate their constitutional claim in state court *before* their license and permit were revoked. *Adibi*, 393 F. Supp. 2d at 1009. The court noted that the agency could *immediately* revoke or suspend the plaintiffs' license and permit pursuant to California Government Code § 11519 and that the agency did not stipulate to stay any revocation or suspension to provide the plaintiffs with an opportunity to file a petition for writ of mandamus and seek a stay from the state court. Thus, if the agency did immediately revoke or suspend their license and permit, the plaintiffs would have been "left without a pre-deprivation remedy." *Id*. The court thus held that *Younger* abstention was inappropriate. *Id*. at 1012.

Here, the Commission has not stated whether it will or will not agree to temporarily stay its order to revoke Plaintiffs' licenses, assuming it does so at its meeting scheduled for December 6-7, 2006. Without such a temporary administrative stay enabling Plaintiffs to seek a

stay in state court *before* any order revoking their licenses becomes effective, the Court finds that abstaining under the *Younger* doctrine would be inappropriate.

In their opposition to the motion for a preliminary injunction, Defendants' counsel advised the Court that it did not have authority to provide Plaintiffs with such a stay. In the supplemental briefing, Defendants sought guidance from the Court as to whether it believes a stay would be necessary. To preserve judicial resources and provide Defendants an opportunity to seek permission from the Commission to temporarily stay any order revoking the Plaintiffs' licenses, the Court HEREBY CONTINUES the hearing on the pending motion for a preliminary injunction and request to dismiss this action to December 8, 2006 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: November 22, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4