IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LARRY EDER, et al.,

    Plaintiffs,

v.

L. RYAN BRODDRICK, et al.,

    Defendants.

No. C 06-06008 JSW

**ORDER RE MOTION FOR PRELIMINARY INJUNCTION AND REQUEST TO DISMISS**

Now before the Court is Plaintiffs' motion for preliminary injunction and Defendants request to dismiss this action pursuant to the *Younger* doctrine. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby dismisses this action pursuant to the *Younger* doctrine.[1]

## BACKGROUND

In this action, Plaintiffs are challenging the revocation of their California Dungeness Crab Vessel Permit ("Permit"). The California Fish and Game Commission ("Commission") sent Plaintiffs a letter dated August 6, 2006, advising them that the Commission intended to revoke the Permit for landing Dungeness crabs in violation of California Fish and Game Code section 8279.1. (Declaration of James P. Walsh ("Walsh Decl."), Ex. D.) The letter further informed Plaintiffs that the Commission would hold a hearing on September 13, 2006, on

---

[1] The Court GRANTS Plaintiffs' request to have the Court consider recent filings in the administrative proceedings. The Court DENIES Plaintiffs' motion to strike Defendants' over-length opposition brief. The Court DENIES Defendants' motion to strike portions of Plaintiffs' reply brief or to file a sur-reply as MOOT.

1  revoking the Permit at which Plaintiffs were entitled to be represented by counsel, submit
2  supportive information, and call witnesses. (*Id*.) Plaintiffs submitted a brief, attended the
3  hearing, and presented argument in opposition to the revocation. (Mot. at 5.) Plaintiffs argued
4  before the hearing officer for the Commission that revoking the Permit would violate Plaintiffs'
5  constitutional rights under the Dormant Commerce Clause and the Privileges and Immunities
6  Clause. (Walsh Decl., Ex. G; Notice of Submission of Plaintiffs' State Administrative Hearing
7  Brief).

8  The Commission's hearing officer issued a proposed decision revoking the Permit.
9  (Admin. Mot to Consider Recent Additions to Admin. Record, Ex. A ("Proposed Order").) The
10 hearing officer considered and rejected Plaintiffs' arguments that the Privileges and Immunities
11 Clause or the Dormant Commerce Clause precludes the Commission from revoking the Permit
12 pursuant to California Fish and Game Code § 8279.1 ("Section 8279.1"). (*Id*.) At oral
13 argument before this Court held on December 8, 2006, the parties informed the Court that the
14 Commission adopted the Proposed Order revoking the Permit, but that the revocation would not
15 become effective until December 26, 2006.

16 On September 27, 2006, Plaintiffs filed an action in this Court challenging the
17 anticipated action by the Commission revoking the Permit pursuant to Section 8279.1. The
18 Plaintiffs filed a motion for preliminary injunction, asserting that revoking their permit pursuant
19 to Section 8279.1 would violate their constitutional rights under the Dormant Commerce Clause
20 and the Privileges and Immunities Clause. In response, Defendants argued that this action
21 should be dismissed pursuant to the *Younger* doctrine. The Court requested and obtained
22 further briefing on the *Younger* doctrine by both parties.

23                              **ANALYSIS**

24 Defendants move to dismiss this action on the grounds that the Court should abstain
25 from adjudicating this matter pursuant to the *Younger* doctrine. In *Younger v. Harris*, 401 U.S.
26 37 (1971), the Supreme Court espoused a strong federal policy against federal-court interference
27 with pending state judicial proceedings, absent extraordinary circumstances. *H.C. v. Koppel,*
28 203 F.3d 610, 613 (9th Cir. 2000); *Middlesex County Ethics Committee v. Garden*, 457 U.S.

2

423, 431 (1982). "The policy rests of notions of comity and respect for state functions." *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir. 1984). The Court must resolve the threshold *Younger* abstention issue because, if the Court "is required to abstain under *Younger* and dismiss the suit, then it has no authority to rule on a party's motion for a preliminary injunction." *See Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003). Unless a recognized exception to the *Younger* doctrine applies, "[a]bstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted); *see also Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992).

The Court finds that all three prongs of the *Younger* test are satisfied here. First, there are ongoing state proceedings. The administrative decision was adopted by the Commissioner and will become effective on December 26, 2006. Although Plaintiffs argue that the administrative proceedings have been concluded, Plaintiffs' counsel conceded at the hearing that it is undisputed that Plaintiffs could file a writ in state court to appeal the administrative decision. Because the Plaintiffs have an opportunity to appeal the administrative decision by the Commission in state court, the proceedings are still considered pending under the *Younger* doctrine. *See United States v. Morros*, 268 F.3d 695, 710 (2001) ("A necessary concomitant of *Younger* is that a party must exhaust his state appellate remedies before seeking relief in federal court... ."); *see also Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1143-44 (8th Cir. 1990) (rejecting plaintiff's argument that the administrative proceedings were no longer pending for purposes of the *Younger* doctrine because he could appeal the administrative order to state court and was required to "exhaust his state appellate remedies before seeking relief in the District Court"). Thus, Plaintiffs "cannot avoid *Younger* by choosing not to pursue available state appellate remedies." *See Alleghany*, 896 F.2d at 1144.

Plaintiffs also dispute that the administrative proceedings were judicial in nature, as opposed to executive or legislative. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989) ("*NOPSI*") (clarifying that the *Younger* doctrine only applies

3

to judicial proceedings, not legislative or executive action).  Plaintiffs contend that the administrative proceedings are not judicial because the facts are not disputed, and that based on the undisputed facts, the Commission is required to revoke the Permit pursuant to Section 8279.1.  (Plaintiff's Opp. to Motion to Dismiss Based on *Younger*).  In *NOPSI,* the Supreme Court defined a "judicial proceeding" by analyzing the distinction between a judicial and a legislative act: "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. ... Legislation on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power."  *NOPSI*, 491 U.S. at 370-71.  Here, the Commission adjudicated Plaintiffs' alleged violation of Section 8279.1 based on admittedly undisputed facts.  The Court therefore finds that the administrative proceedings were judicial. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003) (finding administrative proceeding revoking licence to race horses was "quasi-judicial").  Accordingly, the Court finds that the state proceedings are ongoing and are judicial, thus satisfying the first prong under *Younger*.

   Next, the Court must determine whether the state court actions implicate important state interests.  *See Delta Dental Plan*, 139 F.3d at 1294.  For purposes of the *Younger* doctrine "[t]he importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case."  *Baffert*, 332 F.3d at 618; *see also NOPSI,* 491 U.S. at 365.  The Court finds that Section 8279.1 furthers important state interests.  Section 8279.1 regulates Dungeness crab fishing in California.  The California Legislature has specifically found that "the Dungeness crab fishery is important to the state because it provides a valuable food product, employment for those persons engaged in the fishery, and economic benefits to the coastal communities of the state."  *See* Cal. Fish & Game Code § 8279.1.  California has an interest in conserving, allocating, and preventing waste of its Dungeness crab fisheries. The Court thus finds that Section 8279.1 implicates important state interests.

4

Lastly, the Court finds that the state action provides an adequate opportunity for Plaintiffs to raise the federal issues they seek to address in this action. "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Meredith*, 321 F.3d at 818 (quoting *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Plaintiffs asserted their constitutional claims and supporting evidence to the Commission. (Walsh Decl., Ex. G; Notice of Submission of Plaintiffs' State Administrative Hearing Brief.) The Commission adjudicated Plaintiffs' constitutional claims and found them to be meritless. (Proposed Order.)

The Court notes that while Article III, § 3.5 of the California Constitution prohibits administrative agencies from declaring a statute unconstitutional or refusing to enforce a statute based on constitutional grounds, section 3.5 does not specifically prohibit the opposite. *See* Cal. Const., Art. III, § 3.5.[2] In other words, the California Constitution does not prohibit an agency from considering constitutional defenses if the agency finds such defenses meritless and thus upholds the statute. Moreover, this provision of the California constitution "does not affect ... administrative agencies' competence to examine evidence before them in light of constitutional standards." *Kenneally*, 967 F.2d at 332 (internal quotes and citation omitted). Administrative agencies may "receive evidence in light of [plaintiffs'] constitutional challenges and the California courts remain competent to review such challenges upon a petition for writ of mandate." *Id.* (internal quotes and citation omitted); *cf. Canatella v. California*, 404 F. 3d 1106, 1111 (9th Cir. 2004) (finding state bar court's inability to declare a statute unenforceable or unconstitutional was inconsequential to determination that the party had an adequate

---

[2] Section 3.5 provides:
An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:
(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;
(b) To declare a statute unconstitutional;
(c) To declare a statute unenforceable or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations.
Cal. Const., Art. III, § 3.5.

5

1  opportunity to litigate his federal constitutional claims).  At oral argument on Plaintiffs' motion
2  for preliminary injunction and Defendants' request to dismiss, the Court noted that the
3  Commission considered and rejected Plaintiffs' constitutional claims and questioned whether
4  this provided Plaintiffs a sufficient opportunity to pursue their constitutional claims in the
5  ongoing state proceedings.  Significantly, Plaintiffs did not argue that the Commission did not
6  have authority to consider and reject their constitutional claims.

7  Furthermore, Plaintiffs may file a writ of mandate to appeal the Commission's decision
8  and have their constitutional claims heard again in state court.  *See Baffert*, 332 F.3d at 620
9  (finding the plaintiff had an adequate opportunity to have his constitutional issues adjudicated
10 where he raised them in the administrative proceeding and would have another opportunity to
11 raise his constitutional claims in state court by way of writ of mandate).  The Court therefore
12 finds that Plaintiffs had an opportunity to raise their constitutional claims and have them
13 adjudicated before their licences are revoked.

14 In addition, the Court notes that the Commission's decision will not become effective
15 until December 26, 2006.  Therefore, Plaintiffs may immediately file a writ in state court and
16 request a stay before the Permit is actually revoked.  *See Kenneally*, 967 F.2d at 332-33
17 (rejecting plaintiff's argument that he did not have a meaningful opportunity to present his
18 constitutional claims to state court because he could file a writ and request a stay of the
19 administrative order before the revocation of his licence became effective).  Accordingly, the
20 Court finds that Plaintiffs have had, and continue to have, adequate opportunities to raise the
21 federal issues they seek to address in this action.

22 Finally, the Court finds that there are no applicable exceptions barring the application of
23 the *Younger* doctrine here.  Plaintiffs argue that two exceptions are satisfied here, but the Court
24 disagrees.  First, Plaintiffs argue that the Court should not abstain because, according to
25 Plaintiffs, the statute at issue is flagrantly and patently unconstitutional.  *Younger*, 401 U.S. at
26 53-54.  To demonstrate this exception to the *Younger* doctrine, Plaintiffs must show that Section
27 8271.9 is "flagrantly and patently violative of express constitutional prohibitions in every
28 clause, sentence and paragraph, and in whatever manner and against whomever an effort might

6

be made to apply it." *Id*.  Plaintiffs argue that Section 8279.1 is flagrantly unconstitutional because it discriminates against interstate commerce.  Section 8279.1 may be applied to California residents for fishing wholly with the state of California.  *See* Cal. Fish & Game Code § 8279.1 (a), (b).  Even under Plaintiffs' arguments, such an application would not violate the Dormant Commerce Clause or Privileges and Immunities Clause.  Accordingly, this exception does not apply.

Plaintiffs next argue that the proceedings were brought in bad faith.  "[W]here a state tribunal has been found incompetent by reason of bias, the Supreme Court has held that there was effectively no opportunity to litigate constitutional claims." *Kenneally*, 967 F.2d at 333 (quoting *Partington v. Gedan*, 880 F.2d 116, 121 (9th Cir. 1989)).  "Bias exists where a court has prejudged, or reasonably appears to have prejudged, an issue." *Id*.  The Supreme Court has cautioned that a party alleging bias has a "difficult burden of persuasion to carry." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  To demonstrate bias, the party "must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Id*.  The Court concludes that the evidence and arguments proffered by Plaintiffs in support of the alleged bias are insufficient to meet this difficult burden.

///
///
///
///
///
///
///
///
///

1       Accordingly, in the absence of any applicable exception to the *Younger* doctrine, the Court must dismiss this action without prejudice.³ The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: December 11, 2006

                                                JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE

---

³ After the hearing on the pending motions, Plaintiffs filed a motion for leave to file an amended complaint. Plaintiffs seek to add a claim for damages which, if such a claim were in the complaint, would require the Court to stay, rather than dismiss this action. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (holding that actions in which damages are at issue should not be dismissed pursuant to *Younger* doctrine; "rather, damages actions should be stayed until the state proceedings are completed"). However, the complaint, in its current state, does not include a claim for damages. Although Plaintiffs filed a motion for leave to amend, the motion was *just* filed and is not yet ripe. Because the Court has resolved the threshold *Younger* doctrine and found that the *Younger* doctrine applies, the Court must dismiss this action and may not rule upon the motion for leave to amend. *Cf. Meredith*, 321 F.3d at 816 ("if the district court is required to abstain under *Younger* and dismiss the suit, then it has no authority to rule on a party's motion for a preliminary injunction").

United States District Court

For the Northern District of California